UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>$13,361.00 UNITED STATES CURRENCY;<br>ROLEX DATEJUST 36MM WATCH; and<br>MISCELLANEOUS GOLD JEWELRY,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br>CIVIL ACTION NO. |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE**
**IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

The United States of America files this action for forfeiture *in rem* and alleges upon information and belief the following:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

*Defendant Property*

2. The Defendant Property is described as follows:

a. $13,361.00 in United States Currency;

b. Men's Rolex Datejust wristwatch Serial No.3880189 with pave diamond dial and aftermarket two-tone 10K yellow gold diamond bracelet with stainless steel clasp;

c. 10K yellow gold skull ring with synthetic ruby eyes;

d. 10K yellow gold lion ring with cubic zirconia pave set along crest and ring shank;

e. 10K yellow gold men's cubic zirconia cluster ring;

f. 10K yellow gold men's chino Versace 9.5" link bracelet with PELON diamond name and St. Jude cubic zirconia encrusted pendant;

g. 10K yellow gold chino link 6.5" bracelet with box clasp id and encrusted gold name NALLELY;

h. 10K yellow gold Cuban link bracelet with cubic zirconia embedded links;

i. 10K yellow gold cubic zirconia encrusted 26" Cuban link chain with.20 ctw diamond letter “L”;

j. 10K yellow gold 25" rope chain of 9.5mm diameter with St. Jude pendant encrusted with simulated gemstones;

k. 10K yellow gold 25" chino link chain of 14.5mm with St. Jude placard encrusted with simulated gemstones;

l. 10K yellow gold 28" chino link chain of 22mm with box clasp with name PELON in gold and with cubic zirconia encrusted St. Jude pendant;

m. 10K yellow gold hollow Cuban link chain with grim reaper pendant;

n. 10K yellow gold AK47 machine gun pendant;

o. 10K yellow gold Versace print lightweight flexi-bangle;

p. 10K yellow gold lightweight chino link chain and bracelet set with Hello Kitty inspired design;

q. 14K gold credit Swiss replica ring and earring set;

r. 14K yellow gold 2.5 pesos replica coin rings (x2);

s. 14K yellow gold 2.5 peso replica earrings (x2);

t. 14K yellow gold replica mini-centenario ring;

u. 10K yellow gold 2.5 peso replica coin earring;

v. 14K yellow gold 7" bracelet with 3 genuine 2.5 peso gold coins of 22K;

w. 14K yellow gold 7" bracelet with 4 genuine 2 peso gold coins of 22K;

(collectively “Defendant Property”).

3. Law enforcement seized the Defendant Property on or about June 11, 2026, from a residence in Brownsville, Texas. The Defendant Property is currently in the custody of the United States Marshals Service.

4. On or about August 25, 2026, Lydia Hernandez, through her attorney Ismael Hinojosa, submitted a claim to the Federal Bureau of Investigation (hereinafter “FBI”) contesting administrative forfeiture of the Defendant Property.

*Jurisdiction and Venue*

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The Defendant Property is located in the Southern District of Texas and is within the jurisdiction of this Court.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas.

*Statutory Basis for Forfeiture*

7. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

8. The Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of any property which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense. Pursuant to 18 U.S.C. § 1956(c)(7), which incorporates by reference offenses listed in 18 U.S.C. § 1961(1), "specified unlawful activity" includes the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances as defined in section 102 of the Controlled Substances Act.

*Factual Basis*

9. Since October 2022, the Federal Bureau of Investigation ("FBI") in conjunction with local, state, and other federal law enforcement agencies have been investigating the narcotics trafficking activities of a drug trafficking organization (DTO) operating in Cameron County,

Texas, and elsewhere. During this investigation, law enforcement has seized more than 500 grams of cocaine and at least 28 grams of crack cocaine, and has arrested at least five DTO members.

10. On or around October 2022, FBI, in addition with the Brownsville Police Department (BPD), Homeland Security Investigations (HSI), and Texas Department of Public Safety (TxDPS) discovered a spike in violence between several families known to BPD. The investigation revealed the existence of the Hernandez Family Drug Trafficking Organization (Hernandez DTO).

11. The investigation revealed that the Hernandez DTO utilized multiple residences near one another sectioned out in a neighborhood consisting primarily of dead-end streets. The geographic layout of the area provided limited ingress and egress routes and created limited opportunities for unobstructed surveillance.

12. FBI agents coordinated with BPD officers to further the investigation. During this time, FBI learned that BPD officers served a narcotics related search warrant on July 13, 2022, on a property at 224 W Fronton Rear, Brownsville, Texas 78520 (FRONTON REAR). During the search, investigators found 15 grams of crack cocaine, 2.98 pounds of marijuana, 3 firearms, $19,000.00 in United States Currency, a money counter, and packaging material. Lydia Hernandez (LYDIA) was found inside and was discovered to own FRONTON REAR.

13. Investigation into LYDIA's financials was performed by FBI investigators. The investigation into her financial records with the Texas Workforce Commission (TWC) showed that between January 2023 and June 2024, LYDIA made approximately $5,800 in the eighteen-month period. LYDIA's last reported wages by TWC were in June of 2024, and as of August of 2026, no reported wages were documented.

14. Investigators conducted controlled purchases of cocaine and crack cocaine through the assistance of Confidential Human Sources (CHS). On December 19, 2024, investigators utilized CHS-1 to conduct a controlled purchase of crack cocaine from 7 West 2nd Street, which is approximately 200 feet from FRONTON REAR. Through surveillance, investigators observed a dealer leave 7 West 2nd Street and approach FRONTON REAR. The dealer was observed to enter FRONTON REAR, where CHS-1 made contact and was provided with the narcotics. CHS-1 returned directly to investigators and surrendered 3.0 grams of suspected crack cocaine. Field tests performed on the narcotics at FBI Brownsville tested positive for cocaine.

15. On August 8, 2025, investigators utilized CHS-1 to conduct another controlled purchase of crack cocaine from 7 West 2nd Street. CHS-1 made contact with an unidentified dealer, who was then seen under surveillance leaving 7 West 2nd Street and entering onto FRONTON REAR. Upon return of the dealer, the dealer took CHS-1 to 55 West St. Charles Street, Brownsville, Texas. CHS-1 then returned directly to investigators and surrendered 29.3 grams of suspected cocaine. Field tests at FBI Brownsville yielded positive results for cocaine.

16. On April 13, 2026, investigators utilized CHS-2 to conduct a controlled purchase of crack cocaine from FRONTON REAR. Upon arrival at FRONTON REAR, CHS-2 met with Luis Manuel Hernandez (LUIS), who is LYDIA's brother. LUIS retrieved the narcotics from FRONTON REAR and turned them over to CHS-2. Following this meeting, CHS-2 returned directly to investigators and surrendered 1.62 grams of suspected crack cocaine.

17. On April 23, 2026, investigators utilized CHS-2 to conduct an additional controlled purchase of crack cocaine from FRONTON REAR. Upon arrival at FRONTON REAR, CHS-2 met with an unidentified dealer and asked for LUIS. LUIS appeared from within FRONTON

REAR and turned over substances to CHS-2. Following this meeting, CHS-2 returned directly to investigators and surrendered 1.56 grams of suspected crack cocaine.

18. On June 11, 2026, FBI executed a search warrant to identify suspected evidence, contraband, fruits, and property designed for use in committing violations of Title 21, United States Code, Sections 841, 846, 856, and 860 on FRONTON REAR based on the observations and surveillance conducted by FBI and other investigative agencies.

19. During the search, FBI agents identified $6,549 in bulk cash within the master bedroom closet and $3,110 inside a pink bag inside the closet. An additional $1,672 in cash was found in the closet. Agents identified a purse with visible bundles of rubber-banded bulk cash totaling $2,030. The total amount of bulk cash identified was $13,361 in United States Currency.

20. Further investigation in the closet in the master bedroom revealed a Rolex wristwatch with serial number 3880189. Additionally, within the closet, FBI agents identified loose bags hidden in the closet containing several pieces of gold jewelry. The jewelry was not found with any jewelry boxes nor purchase receipts.

21. Based on the evidence collected, the Defendant Property was seized as proceeds of a drug transaction or monies used in the furtherance of drug trafficking under 21 U.S.C. § 881(a)(6).

*Conclusion*

22. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 981(a)(1)(C) as property constituting or traceable to proceeds of drug trafficking.

**NOTICE TO ANY POTENTIAL CLAIMANT**

YOU ARE HEREBY NOTIFIED if you assert an interest in the Defendant Property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(5).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

*Relief Requested*

The United States of America prays that judgment of forfeiture be entered against Defendant Currency in favor of the United States of America under 21 U.S.C. § 881(a)(6), and 18 U.S.C. § 981(a)(1)(C), in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

AARON F. REITZ
United States Attorney

*s/ Zachary Blackmon*
Zachary Blackmon
Assistant United States Attorney
600 E. Harrison St., Suite 201
Brownsville, TX 78520
Tel: (956) 983-6007

VERIFICATION

I, Skyler Medina, a Special Agent employed by the Federal Bureau of Investigation, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in the complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the 20th day of November 2026.

Skyler Medina, Special Agent
Federal Bureau of Investigation